UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JAQUAN LAYNE,

                        Plaintiff,

      - against -

THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                        Defendants.
----------------------------------------------------------------X

19 Civ. 04531 (VB)

**DEFENDANTS' ANSWER TO THE COMPLAINT**

**JURY TRIAL DEMANDED**

Defendants Lieutenant Mario Panzarella, Sergeant Todd Paroline, Sergeant Juan Irizarry, Correction Officer Pasko Delovic, Correction Officer Jason Ayala, and Nurse Avwurhi Akarumeh, ("Defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, respectfully submit their answer to plaintiff's Complaint, filed May 15, 2019, as follows:

### I.   JURISDICTION AND VENUE

1.   Defendants deny that any response is required to paragraph 1 of the Complaint, as it contains assertions of law. To the extent that a response may be deemed required, Defendants admit the allegations to the limited extent that Plaintiff brings a civil action pursuant to 42 U.S.C. § 1983, Plaintiff contends that the basis of jurisdiction is 28 U.S.C. §§ 1331 and 1343(a), Plaintiff is seeking declaratory, injunctive and monetary relief, and deny that there is any basis for this action, deny any wrongdoing, and deny that Plaintiff is entitled to any relief in this action.

2.   Defendants deny that any response is required to paragraph 2 of the Complaint, as it contains assertions of law. To the extent that a response may be deemed required, Defendants admit the allegations to the limited extent that Plaintiff contends that venue in the Southern District of New York is proper, and deny that there is any basis for this action and deny any wrongdoing.

## II. PLAINTIFF

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint except admit that Plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Sing Sing Correctional Facility during the relevant time period in the Complaint, and is currently confined at Sing Sing Correctional Facility.

## III. DEFENDANTS

4. Defendants admit that Plaintiff was an inmate in the custody of DOCCS at Sing Sing Correctional Facility during the relevant time period in the Complaint, and is currently confined at Sing Sing Correctional Facility.

5. Defendants admit that, during the relevant period described in the Complaint, Mario Panzarella, was a Lieutenant in the employ of DOCCS.

6. Defendants admit that, during the relevant period described in the Complaint, Todd Paroline, was a Sergeant in the employ of DOCCS.

7. Defendants admit that, during the relevant period described in the Complaint, Juan Irizarry, was a Sergeant in the employ of DOCCS.

8. Defendants admit that, during the relevant period described in the Complaint, Pasko Delovic, was a Correction Officer in the employ of DOCCS.

9. Defendants admit that, during the relevant period described in the Complaint, Jason Ayala, was a Correction Officer in the employ of DOCCS.

10. Defendants admit that, during the relevant period described in the Complaint, Avwurhi Akarumeh, was a Nurse in the employ of DOCCS.

11. Defendants deny that any response is required to paragraph 11 of the Complaint. To the extent that a response may be deemed required, Defendants deny the allegations and any wrongdoing, except admit that during the relevant period described in the Complaint, Defendants were in the employ of DOCCS.

### IV.   FACTS

12. Defendant Delovic denies the allegations contained in paragraph 12, except admits that he came into contact with Plaintiff on January 19, 2019 at Sing Sing en route to HBB yard, where he suspected Plaintiff to be under the influence of a substance, admits placing Plaintiff in restraints and escorting him to the disciplinary frisk area, and admits to smelling the odor of marijuana coming from Plaintiff's clothing.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and deny any wrongdoing.

13. Defendant Panzarella denies the allegations contained in paragraph 13, except admits that he asked Plaintiff to voluntarily turn over any suspected contraband on his person, and denies any wrongdoing.  Defendant Paroline denies the allegations contained in paragraph 13, except admits to applying one application of department issued OC spray to Plaintiff due to Plaintiff's actions, and denies any wrongdoing. Defendant Ayala denies the allegations contained in paragraph 13, except admits that he used reasonable force to gain Plaintiff's compliance due to Plaintiff's actions, and denies any wrongdoing.  Defendant Delovic denies the allegations contained in paragraph 13, except admits that he used reasonable force to gain Plaintiff's compliance due to Plaintiff's actions, and denies any wrongdoing.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and deny any wrongdoing.

14.     Defendants Panzarella, Ayala, and Delovic deny the allegations contained in paragraph 14, and deny any wrongdoing.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and deny any wrongdoing.

15.     Defendant Akarumeh denies the allegations contained in paragraph 15, except admits that on January 19, 2019, he came into contact with Plaintiff at the Sing Sing medical clinic, admits that he washed Plaintiff's face, and denies any wrongdoing.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and deny any wrongdoing.

16.     Defendant Akarumeh denies the allegations contained in paragraph 16, and denies any wrongdoing.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and deny any wrongdoing

## V.     EXHAUSTION OF LEGAL REMEDIES

17.     Defendant Akarumeh denies the allegations contained in paragraph 17, except admits that on January 19, 2019, he came into contact with Plaintiff at the Sing Sing medical clinic, admits that he washed Plaintiff's face, and denies any wrongdoing.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and deny any wrongdoing.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and deny any wrongdoing.

19.     The Complaint did not include a paragraph 19.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and deny any wrongdoing.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and deny any wrongdoing.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and deny any wrongdoing.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and deny any wrongdoing.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and deny any wrongdoing.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and deny any wrongdoing.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and deny any wrongdoing.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and deny any wrongdoing.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and deny any wrongdoing.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and deny any wrongdoing.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and deny any wrongdoing.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and deny any wrongdoing.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and deny any wrongdoing.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and deny any wrongdoing.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and deny any wrongdoing.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and deny any wrongdoing.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and deny any wrongdoing.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and deny any wrongdoing.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and deny any wrongdoing.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and deny any wrongdoing.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and deny any wrongdoing.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and deny any wrongdoing.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and deny any wrongdoing.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and deny any wrongdoing.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and deny any wrongdoing.

## VI. INJURIES

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and deny any wrongdoing.

## VII. LEGAL CLAIMS

46. Defendants deny the allegations in paragraph 46, and deny any wrongdoing.

47. Defendants deny the allegations in paragraph 47, and deny any wrongdoing.

48. Defendants deny the allegations in paragraph 48, deny that Plaintiff is entitled to any relief set out in paragraph 48, and deny any wrongdoing.

## VIII. PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief set out under section VIII, "Prayer for Relief," including subparagraphs a-d.

49. Defendants deny that any response is required to paragraph 49, Plaintiff's demand for jury trial. To the extent that a response may be deemed required, Defendants also demand a jury trial, as set forth below.

50. Defendants deny that Plaintiff is entitled to any of the relief set out in paragraph 50.

51. Defendants deny that Plaintiff is entitled to any of the relief set out in paragraph 51.

## DEFENSES

### FIRST DEFENSE

52. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

53. Defendants' conduct did not violate clearly established federal law or, to the extent that such precedent is deemed to have existed, it was objectively reasonable for Defendants to believe at the time of their actions that their conduct did not violate such clearly established law. Therefore, Defendants are entitled to qualified immunity from suit for the actions of which Plaintiff complains.

**THIRD DEFENSE**

54. Any damages allegedly sustained by Plaintiff are solely and exclusively the result of Plaintiff's own conduct.

**FOURTH DEFENSE**

55. Plaintiff's claim may be barred, in whole or in part, through his words, conduct and/or actions, which estop the claims asserted in his Complaint.

**FIFTH DEFENSE**

56. Plaintiff may have failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, before filing this lawsuit.

**SIXTH DEFENSE**

57. Defendants at no time acted willfully or in malicious disregard of Plaintiff's constitutional rights. As such, Plaintiff is not entitled to punitive damages or other relief

**SEVENTH DEFENSE**

58. Some or all Defendants were not personally involved in the conduct complained of in the Complaint.

**EIGHTH DEFENSE**

59. The alleged conduct was properly within the discretionary authority committed to Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

**NINTH DEFENSE**

60. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over state law claims.

**TENTH DEFENSE**

61. Any state law claims, to the extent raised herein, are barred by New York Correction Law § 24.

**ELEVENTH DEFENSE**

62. To the extent that Plaintiff attempts to sue Defendants in their official capacities, such claims are barred by the Eleventh Amendment.

**JURY TRIAL DEMANDED**

63. Defendants demand a jury trial.

**CONCLUSION**

**WHEREFORE**, Defendants respectfully request that this Court dismiss the claims against them, and grant such further relief as the Court deems just and proper.

Dated: New York, NY
September 6, 2019

LETITIA JAMES

Attorney General of the State of New York
<u>Attorney for Defendants</u>
By:

<u>/s/ *Maria Hartofilis*</u>
Maria Hartofilis
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6295


Jonathan Wilson
Assistant Attorney General
SDNY Admission Pending
28 Liberty Street
New York, NY 10005
(212) 416-6696


TO:
Jaquan Layne
Plaintiff Pro Se
DIN # 11A5702
Sing Sing Correctional Center
354 Hunter Street
Ossining, NY 10562-5442
*By First Class Mail*