UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAQUAN LAYNE,                                                :
                                                             :     19-cv-4531 (PMH)
                         Plaintiff,                          :
                                                             :
             - against -                                     :     **SETTLEMENT STIPULATION,**
                                                             :     **RELEASE, AND ORDER**
                                                             :     **OF DISMISSAL**
MARIO PANZARELLA, PASKO DELOVIC,                             :
JASON AYALA, *and* TODD PAROLINE,                            :
                                                             :
                         Defendants.                         :
------------------------------------------------------------X

      This SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation"), made by and between Plaintiff, JAQUAN LAYNE ("Plaintiff"), and MARIO PANZARELLA, PASKO DELOVIC, JASON AYALA, *and* TODD PAROLINE, (collectively, "Defendants"):

      WHEREAS, Plaintiff commenced this action by filing a complaint on May 15, 2019 (the "Complaint") (Dkt. No. 2), in the United States District Court for the Southern District of New York, 19 Civ. 4531, against the above-listed Defendants, and former Defendants Juan Irizarry and Nurse Avwurhi Akarumeh, in the above-captioned action (the "Action") alleging, *inter alia*, that Defendants violated Plaintiff's rights by using excessive force against him and by performing an unreasonable search on January 19, 2019, and then were deliberately indifferent to his medical needs; and

      WHEREAS, Defendants filed an answer on September 6, 2019 (Dkt. No. 16); and

      WHEREAS, by Opinion and Order dated June 29, 2022, the Court granted Defendants' Partial Motion for Summary Judgment as it relates to Plaintiff's claims against former Defendant Nurse Akarumeh, and dismissing such claims from this Action (Dkt. No.106); and

1

WHEREAS, by So-Ordered Joint Stipulation of Dismissal dated April 27, 2023, Plaintiff withdrew any claims against former Defendant Juan Irizarry, and dismissing such claims from this Action (Dkt. No.179); and

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in this Action, and any and all other related disputes and counteractions, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Defendants is an infant or incompetent person; and no person not a party has an interest in the subject matter of the Action; and

WHEREAS, Plaintiff and Defendants represent and warrant that, other than this Action, they have no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice**

The Action and all claims asserted therein are hereby discontinued with prejudice against all Defendants and Plaintiff pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

2. **<u>Payment to Plaintiff</u>**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Ten Thousand Dollars ($10,000.00), to Plaintiff in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date and time that Mr. Layne signs this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

The State of New York, on behalf of Defendants, shall pay to Plaintiff the sum of Ten Thousand Dollars ($10,000.00), subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth in paragraphs 5-8 herein, and for which the New York State Office of the State Comptroller shall issue any appropriate Internal Revenue tax forms, in full and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, up to and including the date and time that Mr. Layne signs

this Settlement Stipulation, against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees or agents, whether in their individual or official capacities, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.  This payment is further issued in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time, up to and including the date and time that Mr. Layne signs this Settlement Stipulation, represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees or agents, whether in their individual or official capacities, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.  A check in the amount of Ten Thousand ($10,000.00) Dollars shall be drawn to the order of Plaintiff, Jaquan Layne, and forwarded to Plaintiff, Jaquan Layne, at the correctional facility in which he is then housed for deposit in his inmate facility/departmental account, pursuant to DOCCS Directive 2798.

    **3. State Approval of Payments Made on Behalf of Defendants Panzarella, Delovic, Ayala, and Paroline**

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation on behalf of Defendants Panzarella, Delovic, Ayala, and Paroline is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

4. **Accrual of Interest of Payments Made on Behalf of Defendants Panzarella, Delovic, Ayala, and Paroline**

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 2 of this Settlement Stipulation, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So-Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

5. **Liability of Plaintiff for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and that Plaintiff shall have no claim, right or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6. **Liability of Plaintiff for Liens and Setoffs**

Plaintiff agrees that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that he will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

7. **Medicare Certification**

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards, or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as **Exhibit A**, to the Defendants. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts specified in Paragraph 2 of this Settlement

Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Settlement Stipulation.

8. **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. The Plaintiff agrees to indemnify and hold the Defendants harmless should there be any claim for liens or any third party claims regarding the settlement funds and stipulate that in the event of any liens, claims, demands, and/or subrogated interests, the sole responsibility to satisfy any such liens, claims, demands and/or subrogated interests that may be asserted or that may in the future exist or be asserted is his and not the Defendants.

If conditional and/or future anticipated Medicare payments have not been satisfied, Defendants, and/or the State of New York, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 3, 4, and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

The Plaintiff acknowledges that this settlement is based upon a good faith determination of the Parties to resolve disputed claims. The Parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of

past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).  The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or the Plaintiff's eligibility or entitlement to Medicare or Medicare benefits, will not render the release contained in Paragraph "9" herein void or ineffective, or in any way affect the finality of this liability settlement.

9. **Releases**

In consideration of the payment of the sum recited in Paragraph 2 of this Settlement Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns hereby releases and forever discharges each of the Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities from any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action, or which could have been asserted in this Action.

10. **No Other Action or Proceeding Commenced**

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, in any court, against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether

in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that include claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

11. **No Other Attorney**

Plaintiff and the undersigned limited scope *pro bono* counsel for Plaintiff represent and warrant that no other attorneys have presented a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action.

12. **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13. **Successors and Assigns**

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

14. **Authority**

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

15. **Voluntary Agreement**

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents and effect. The parties hereto acknowledge that he, she, or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

16. **No Admission of Liability**

It is understood and agreed that any action taken, or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken, or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.

Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

17. **No Precedential Value**

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18. **Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges, and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

19. **Governing Law**

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

20. **Waiver**

Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

21. **Severability**

With the exception of Paragraphs 1, 2, 3, 8, 9, and 10 of this Settlement Agreement, if any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22. **Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

23. **Effective Date**

The Effective Date of this Settlement Stipulation shall be upon the endorsement by the Court as indicated below, after the full execution of this Settlement Stipulation by the parties and their counsel, as set forth in the signature lines of this Settlement Stipulation.

24. **Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
      August 2, 2023

    LETITIA JAMES
    Attorney General
    State of New York
    *Attorney for Defendants Panzarella, Delovic, Ayala, and Paroline*

    /s Michael J. Keane
    By:
    Michael J. Keane
    Jessica Acosta-Pettyjohn
    Assistant Attorneys General
    28 Liberty Street, 18th Fl.
    New York, NY 10005
    Tel.:  212-416-8550
           212-416-6551
    michael.keane@ag.ny.gov
    jessica.acosta-pettyjohn@ag.ny.gov

    *Counsel for Defendants*

Dated: New York, New York
      August 2, 2023

    **DESMARAIS LLP**
    *Limited Scope Pro Bono Attorneys for Plaintiff*

    /s/ Ryan G. Thorne
    By:
    Tamir Packin
    tpackin@desmaraisllp.com
    Ryan Dowell
    rdowell@desmaraisllp.com
    Ryan G. Thorne
    rthorne@desmaraisllp.com
    Raymond N. Habbaz
    rhabbaz@desmaraisllp.com
    Lee J. Matalon
    lmatalon@desmaraisllp.com

William A. Vieth
wvieth@desmaraisllp.com
Eliyahu Balsam (*pro hac vice*)
ebalsam@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Tel:  (212) 351-3400
Fax:  (212) 351-3401

*Trial Counsel for Plaintiff*

Dated: 8-2-2023, New York
August 2, 2023   Time: 12:50

_____
JAQUAN LAYNE
*Plaintiff*

## ACKNOWLEDGMENT

On the 2 day of August 2023, before me came, Plaintiff, JAQUAN LAYNE, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

[Notary seal: TYRELL HILL, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Queens County, 01HI6097838, MY COMMISSION EXPIRES 09/02/2023]

**SO ORDERED:**

Dated: White Plains, New York
_____, _____

_____
U.S.D.J.